IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER,

                Plaintiff,

v.

TONY ASHWORTH, CHRISTINE PROCKNOW,
MICHAEL MIESNER, JOANNE LANE,
CHARLES COLE and CHARLES FACKTOR,

                Defendants.

ORDER

17-cv-363-jdp

---

In an order entered on September 18, 2017, plaintiff James Robert Turner was granted leave to proceed *in forma pauperis* against defendants Tony Ashworth, Christine Procknow, Michael Miesner, Joanne Lane, Charles Cole and Charles Facktor. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Attorney General's office has filed an Acceptance of Service of plaintiff's complaint on behalf of all defendants, except Charles Cole.

The Attorney General's office has not accepted service on behalf of Charles Cole because he is deceased. Federal Rule of Civil Procedure 25(a)(1) sets forth the procedure that must be followed when a party to a lawsuit dies:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

If no motion is filed by **January 8, 2018**, defendant Cole will be dismissed.

Additionally, pursuant to an informal service agreement between the Wisconsin

1

Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of the defendants it represents. This means that for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department or defendants Tony Ashworth, Christine Procknow, Michael Miesner, Joanne Lane and Charles Facktor. The Department will access the document through the court's electronic filing system. Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the soon-to-be-scheduled preliminary pretrial conference.

ORDER

IT IS ORDERED that if no party moves to substitute defendant Charles Cole's estate as a defendant by **January 8, 2018**, defendant Cole will be dismissed from the case.

Entered this 18th day of October, 2017.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge